IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SHEET METAL WORKERS' LOCAL
UNION NO. 100 WASHINGTON, D.C.
AREA PENSION FUND, *et al.*,

Plaintiffs,

v.

WESTERN SURETY COMPANY,

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Case No.: GJH-15-1175

# MEMORANDUM OPINION

In this action, Plaintiffs, the Sheet Metal Workers' Local Union No. 100 (the "Union"), Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Pension Fund, Sheet Metal Workers' Local Union No. 100 401(k) Fund, Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Apprenticeship Fund, Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Vacation Fund, and Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Health Fund (collectively, "Benefit Funds") seek to recover on a fringe benefit bond on which Defendant, Western Surety Company ("Western Surety"), is the surety. Currently pending before the Court is Plaintiffs' Motion for Scheduling Order, ECF No. 38. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, Plaintiff's Motion is denied.

I.  **BACKGROUND**

The Court thoroughly summarized the factual and procedural background of this suit in its May 17, 2016 Memorandum Opinion on Plaintiffs' Motion for Summary Judgment. *See* ECF No. 35 at 2–8.[1] A brief summary of the relevant facts follows.

United Sheet Metal, Inc. ("United") was a sheet metal subcontractor that employed members of the Union on various construction projects. *Id.* at 2. In July 2009, the Union and United entered into a collective bargaining agreement ("CBA") under which United agreed to pay set amounts to the Benefit Funds. *Id.* These funds were to be governed in accordance with the Labor-Management Relations Act, 29 U.S.C. §§ 157 *et seq.*, and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The CBA also required that United post a bond to ensure the satisfaction of its requirements under the CBA. *Id.* at 3. On September 1, 2011, Defendant issued a Contractors Fringe Benefits Bond (the "Bond") in the amount of $500,000 naming United as its principal and the Union and Benefit Funds as its obliges. *Id.* In late 2013 and early 2014, United became delinquent on multiple payments, and ultimately ceased all operations in March 2014. *Id.* at 5. Plaintiffs sent multiple letters to Defendant requesting payment on the Bond, and ultimately filed this suit when Western Surety refused to remit any payment on Plaintiffs' bond claim. *Id.* at 8.

On May 7, 2015, this Court entered a Scheduling Order for this suit. ECF No. 20. The Scheduling Order specified that "the schedule will not be changed except for good cause." *Id.* at 1. As part of this Scheduling Order, the Court directed that all "Dispositive pretrial motions" would be filed by October 19, 2015. *Id.* at 2. Plaintiffs filed a Motion for Summary Judgment on October 19, 2015, alleging that they were entitled to judgment on Western Surety's liability.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

ECF No. 30. The Court granted in part and denied in part that motion on May 17, 2016. ECF No. 35. In its Memorandum Opinion, the Court found that Western Surety is liable under the Bond as a matter of law, but that there was insufficient evidence to determine Plaintiffs' damages. *Id.* at 26. Five months later, on October 25, 2016, Plaintiffs submitted their Motion for Scheduling Order, asking the Court to allow the Plaintiffs to submit a supplemental motion for summary judgment. ECF No. 38. Specifically, Plaintiffs contend that the Court should adopt a "burden-shifting analysis," which would allow Plaintiffs to rely on certain documents provided by United in assessing damages. ECF No. 38-1 at 5. The Court interprets this request as being either a Request for Reconsideration of its initial decision on Plaintiffs' Motion for Summary Judgment, or a Request for Extension of the filing deadlines, as the deadline for filing dispositive motions has passed. The Court addresses Plaintiffs' motion under these two standards, and finds it to be without merit under either standard.

## II.   STANDARD OF REVIEW

### A. Motion to reconsider

"A motion to reconsider is appropriate to raise a significant change in the law or facts, or when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Ledo Pizza Sys., Inc. v. Singh*, 983 F. Supp. 2d 632, 638 (D. Md. 2013) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion to reconsider is inappropriate where it merely seeks to re-debate the merits of a particular motion," *Remediation Products, Inc. v. Adventus Americas, Inc.*, No. 3:07CV153–RJC–DCK, 2010 WL 2572555, at *1 (W.D.N.C. June 22, 2010), or merely request that the district court change its mind, *United States v. Williams*, 674 F.2d 310, 313 (4th Cir.1982). "The

3

power to reconsider an order is 'committed to the discretion of the district court.' In exercising this discretion, courts must be sensitive to 'concerns of finality and judicial economy.'" *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 977 F. Supp. 2d 544, 546–47 (D. Md. 2013) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir.2003)). In this Court, "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Local Rule 105.10 (D.Md. 2014).

### B. Motion for extension of time

Generally, this Court's scheduling orders "must be obeyed absent good cause." *Wonasue v. Univ. of Md. Alumni Ass'n*, 2013 WL 5719004 (D. Md. Oct. 17, 2013). "A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Jones v. Koons Auto., Inc.*, No. DKC-09-3362, 2013 WL 3713845, at *8 (D. Md. July 15, 2013) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999)). After a deadline in a scheduling order has expired, "the good cause standard must be satisfied" to justify leave to file a dispositive motion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). This requires more than simply identifying a new argument that had not been previously raised. *See id.* The movant can satisfy the good cause requirement only "by showing that, despite due diligence, it could not have [filed the dispositive motion] in a reasonably timely manner." *Holliday v. Holliday*, No. 09–cv–01449–AW, 2012 WL 1409527, at *3 (D. Md. Apr. 20, 2012). "Absent a showing of good cause, untimely cross-motions for summary judgment are subject to being stricken." *Carter v. VNA, Inc.*, No. GLR-12-868, 2013 WL 3967925, at *7 (D. Md. July 30, 2013).

## III. DISCUSSION

Plaintiffs' motion is without merit, whether it is assessed as a Motion for Reconsideration or as a Motion for Extension.[2]

### A. Motion for Reconsideration

As a Motion for Reconsideration, Plaintiffs' motion would fail substantively as well as procedurally. First, procedurally, Plaintiffs filed their motion a full five months after the Court's initial decision regarding their Motion for Summary Judgment. ECF No. 38. To be properly considered, such a motion should have been filed fourteen days after the Court's initial ruling. Local Rule 105.10 (D. Md.). Second, substantively, Plaintiffs do not argue that the Court misunderstood either of the parties, or that a new fact or legal precedent has arisen since the Court's decision. Instead, Plaintiffs argue that "a key legal issue . . . has come into sharp focus as a result of the Court's May 17, 2016 order . . . ." ECF No. 40 at 17. Plaintiffs do not explain how the Court's May 17, 2016 decision drew any issues into "sharp focus," why this argument could not have been raised in their initial Motion for Summary Judgment, or why they waited five months to file the pending Motion. Plaintiffs' argument boils down to a disagreement with the Court's original decision; the Plaintiffs believe that the Court did not apply the correct standard. The Court will not allow Plaintiffs a second bite at the apple, five months after denying their initial Motion for Summary Judgment, and will not permit them to "re-debate the merits" of that motion.

---

[2] The Court does not take a position on whether or not the ERISA "burden-shifting" analysis that Plaintiffs propose applies. However, the Court notes that in its May 17, 2016 Order on Plaintiffs Motion for Summary Judgment, the Court denied summary judgment on the issue of damages because Plaintiffs had "fully recovered the contributions owed on three projects" and the remittance reports provided by Plaintiffs did not "break down the contribution calculations by project . . . ." ECF No. 35 at 25. The Court reiterates its reasoning: even if the Court ultimately adopts the "burden-shifting" analysis put forth by Plaintiffs, the question of which charges have already been recovered is still a material issue of fact.

5

## B. Motion for Extension

Treated as a Motion for Extension, Plaintiffs' motion similarly fails. Plaintiffs assert that there is "good cause" for modifying the scheduling order. ECF No. 40 at 17. Plaintiffs concede, however, that "good cause" requires a showing that "scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* at 18. Plaintiffs do not argue that they were unable to meet the Court's deadlines, or that they "diligent[ly]" attempted to do so. Instead, Plaintiffs argue that their motion is "based upon the Court's ruling on the prior summary judgment motion," and that an extension "will not delay further proceedings . . . or prejudice any party." *Id.* at 18. In support, Plaintiffs cite two cases, which the Court finds unpersuasive. *See id.* at 18 (citing *Louers v. Lacy*, No. JKS-10-2292, 2012 WL 5426442, at *1 (D. Md. Nov. 6, 2012)), and at 19 (citing *Lopez v. NTI LLC*, 748 F. Supp. 2d 471, 475 (D. Md. 2010)). In *Louers*, the court permitted the extension of a deadline, and considered a supplemental motion for summary judgment following the court's ruling on the initial motion for summary judgment and after the deadline for dispositive motions had passed; there, however, the moving party "filed the motion immediately after the court issued its previous opinion." *Id.* at *2. Here, Plaintiffs waited five months from the time of the Court's initial ruling on its motion for summary judgment, and have not provided any explanation excusing such a delay. Similarly, the Court distinguishes *Lopez*. There, the court allowed the defendants to submit a late motion for summary judgment, after the deadline for such motions had expired. *Lopez*, 748 F. Supp. 2d at 475. However, the tardy motion was the defendants' first motion for summary judgment; furthermore, the underlying basis for the motion–the Defendants' full payment of a disputed amount–occurred merely a month prior to the defendants' filing. *Id.* at 475 n.3. Here, Plaintiffs have already had one attempt at a motion for summary judgment, and have not identified any underlying factual changes which would

constitute the basis of their motion and justify the significant delay. As such, Plaintiffs' motion fails as a Motion for Extension.

IV. **CONCLUSION**

Viewed as either a Motion for Reconsideration or as a Motion for Extension, Plaintiffs' Motion for Scheduling Order is without merit, and will be denied. A separate Order follows.[3]

Dated: September 7, 2017

GEORGE J. HAZEL
United States District Judge

---

[3] The Court will convene a scheduling conference to discuss the remaining issues to be resolved in this case.